UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA

(Alexandria Division)

| | |
|---|---|
| PATRICK COOPER, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   C.A. #1:21-cv-447 |
| | ) |
| HASHTAGDMV, LLC | ) |
| | ) |
| Serve:  Ermias Haile, Registered Agent | ) |
|        HashtagDMV, LLC | ) |
|        654 S. Pickett Street | ) |
|        Alexandria, VA 22304 | ) |
| | ) |
| and | ) |
| | ) |
| JOHN DOE BOUNCER #1 | ) |
| | ) |
| and | ) |
| | ) |
| JOHN DOE BOUNCER #2 | ) |
| | ) |
|     Defendants. | ) |

COMPLAINT

Preliminary and Jurisdictional Statement

    1. This action arises out of the senseless and excessive manner used by employees of a bar and restaurant run by HashtagDMV, LLC, to remove Mr. Cooper from an evening event at that facility for which he had a valid ticket. The manner in which Mr. Cooper was manhandled and literally thrown from the premises caused him to suffer damage to his cervical spine that had been fused together in a surgery performed several years earlier. Mr. Cooper is a resident of Maryland and the defendants are all located in Virginia. This court has diversity jurisdiction

over Mr. Cooper's state law claims pursuant to 28 U.S.C. § 1332, the amount in controversy exceeding $75,000 exclusive of interest and costs.

## Parties

2. Patrick Cooper is a 55 year-old resident of Fort Washington, Maryland. Prior to suffering the injuries caused by this incident he worked as a charter bus driver for Georgetown Trolley & Charters.

3. HashtagDMV, LLC is a limited liability corporation registered with the State Corporation Commission of the Commonwealth of Virginia. It owns, manages and operates the restaurant/bar known as Hashtag Lounge located at 654 S. Pickett Street in Alexandria, Virginia.

4. At all relevant times, John Doe Bouncers ##1 and 2 were employees or agents of HashtagDMV, LLC on duty at the lounge on September 22, 2019 operating as bouncers at the Hashtag Lounge. Their names are presently unknown. Upon determining their identity through preliminary discovery, Mr. Cooper will move to amend his complaint to list them as defendants by their true names.

## Statement of Claim

5. On the evening of September 22, 2019, the Hashtag Lounge was hosting an event with live entertainment. The event was sponsored by a friend of Mr. Cooper's who had given him a ticket to attend. Anticipating an enjoyable evening while supporting his friend, and not having to work the next day, Mr. Cooper arrived at the Hashtag Lounge at approximately 10 p.m. for the

event. After spending a brief period of time on the outdoor patio speaking with other guests, he went inside.

6. Mr. Cooper is conscientious about his personal health. He does not drink alcohol. Prior to the events here at issue, he had had cervical spine surgery to address degenerative problems in his neck that were causing unremitting pain. The surgery was successful.

7. After being at the event for a few hours, Mr. Cooper sat down on one of the couches in the lounge that were available to guests. Through inadvertence, and due in part to the lateness of the hour, Mr. Cooper fell asleep on the sofa while sitting upright. At no time during the evening had he been disruptive toward other guests nor had he interfered with the orderly running of the event in any way. At no prior time during the evening had any employees or agents of Hashtag Lounge spoken to him about the manner in which he was conducting himself, nor had they any reason to do so.

8. Defendants John Doe Bouncers ##1 and 2 noticed Mr. Cooper as he rested quietly on the sofa. Upon information and belief, they observed that he was sleeping. In response, they approached Mr. Cooper and without warning grabbed him forcefully, lifted him off the sofa and together physically moved Mr. Cooper to the door of the lounge. At the door, they pushed him out of the building with great force, causing him to land heavily on the ground in a jarring and painful manner. Mr. Cooper thereupon began to experience serious pain and restricted movement in his neck, shoulders and upper back.

9. Mr. Cooper called the police to complain about the actions of the two bouncers. In response to police inquiries, the on-site Hashtag manager expressly approved of and ratified their actions, holding them reasonable and justified.

10. At all times relevant to this matter, Mr. Cooper was an invitee, lawfully on the premises of defendant HashtagDMV, LLC's bar and restaurant.

11. The actions of John Doe Bouncers #1 and #2 in forcibly removing Mr. Cooper from the lounge as set forth herein were excessive, irresponsible, grossly negligent and unjustified by Mr. Cooper's quiet and non-disruptive conduct throughout the evening, and particularly egregious in light of his passive, non-threatening and vulnerable posture on the sofa. In removing Mr. Cooper from Hashtag Lounge, John Doe Bouncers #1 and #2 were acting in furtherance of their employer's business.

12. Mr. Cooper's forceful expulsion from the Hashtag Lounge renewed problems previously addressed by his surgery. He sought medical care and in due course received surgical and rehabilitative intervention to address the injuries caused by defendants. Mr. Cooper's cervical spine has now been fused along a greater number of vertebrae, permanently creating a more limited range of motion for the rest of his life.

13. Mr. Cooper was not only injured, but was embarrassed and humiliated by being physically abused by the defendants at an event where a number of his friends were in attendance. Defendants' actions have also caused Mr. Cooper past, present, and future economic losses and inhibited his ability to participate in his daily household and family activities and travel.

14. Mr. Cooper's income loss as a result of defendants' actions has been significant. Prior to his injuries, Mr. Cooper made $90,000 a year. As a result of his surgery and the limited range of motion he suffers in his neck, Mr. Cooper has not yet returned to his job as a charter bus

driver. He is currently unemployed and receives a limited income from unemployment benefits. He had to file for bankruptcy and almost lost his home to foreclosure.

Causes of Action

Count I

Gross Negligence: John Doe Bouncer #1

15. The actions of John Doe Bouncer #1 set forth above were willful, wanton, and grossly negligent and together with the actions of John Doe Bouncer #2 were the proximate cause of Mr. Cooper's injuries and loss of past, present and future income. John Doe Bouncer #1 knew or should have know that his actions together with John Doe Bouncer #2 were likely to cause harm to Mr. Cooper.

Count II

Gross Negligence: John Doe Bouncer #2

16. The actions of John Doe Bouncer #2 set forth above were willful, wanton, and grossly negligent and together with the actions of John Doe Bouncer #1 were the proximate cause of Mr. Cooper's injuries and loss of past, present and future income. John Doe Bouncer #2 knew or should have know that his actions together with John Doe Bouncer #1 were likely to cause harm to Mr. Cooper.

Count III

Negligence: HashtagDMV, LLC

17. As a business invitor, HashtagDMV, LLC owed its patrons a duty to use ordinary care to maintain and/or oversee the premises in a reasonably safe condition consistent with the invitation to the event being held at Hashtag Lounge. Despite this obligation, this defendant, through its agents and/or employees, breached the duties it owed to Mr. Cooper when it failed to reasonably maintain the safety of its premises in allowing its employees and/or agents to act as set forth above, causing injury to Mr. Cooper. As a direct and proximate cause of this defendant's negligence, Mr. Cooper suffered injuries and loss of past, present and future income.

Count IV

Negligence: John Doe Bouncer #1

18. As an employee and/or agent of HashtagDMV, LLC, John Doe Bouncer #1 owed a duty to use ordinary care to maintain and/or oversee the premises in a reasonably safe condition consistent with the invitation to the event being held at Hashtag Lounge. The actions of John Doe Bouncer #1 set forth above breached the duty of care owed to Mr. Cooper and together with the actions of John Doe Bouncer #2 were the proximate cause of Mr. Cooper's injuries and loss of past, present and future income.

Count V

Negligence: John Doe Bouncer #2

19. As an employee and/or agent of HashtagDMV, LLC, John Doe Bouncer #1 owed a duty to use ordinary care to maintain and/or oversee the premises in a reasonably safe condition consistent with the invitation to the event being held at Hashtag Lounge. The actions of John Doe Bouncer 2 set forth above breached the duty of care owed to Mr. Cooper and together with the actions of John Doe Bouncer #1 were the proximate cause of Mr. Cooper's injuries and loss of past, present and future income.

Count VI

Negligent Failure to Train: HashtagDMV, LLC

20. As a business invitor, HashtagDMV, LLC owed its patrons a duty to use ordinary care to maintain and/or operate the premises in a reasonably safe condition consistent with the invitation to the event being held at Hashtag Lounge.  Despite this obligation, this defendant negligently failed to provide proper training, instruction and guidance to its agents and employees, including specifically defendants John Doe Bouncers ##1 and 2, as to the appropriate manner in which to address passive, non-confrontational and non-dangerous patrons, such as Mr. Cooper.  As a proximate result of this negligent failure, John Doe Bouncers ##1 and 2 acted in a grossly disproportionate, excessive and harmful manner in removing Mr. Cooper from the Hashtag Lounge as set forth above, causing him severe injuries and loss of past, present and future income.

Count VII

*Respondeat Superior*: HashtagDMV, LLC

21.  HashtagDMV, LLC is liable under the doctrine of *respondeat superior* for the actions of its employees/agents John Doe Bouncers ##1 and 2, who were on the premises at its direction and were acting in service of its business interests at all relevant times.

\*\*\*

Wherefore, Mr. Cooper requests an order of this court awarding him:

- \* expedited discovery of the full names of John Doe Bouncers ## 1 and 2;
- \* compensatory damages appropriate to the proof at trial;
- \* punitive damages appropriate to the proof at trial;
- \* an award of his costs; and
- \* such other relief as this court deems just.

Mr. Cooper requests trial by jury.

Respectfully submitted,

PATRICK COOPER,

By counsel

Dated: April 12, 2021

Counsel for Plaintiff:

//s// Victor M. Glasberg
Victor M. Glasberg, #16184
Victor M. Glasberg & Associates
121 S. Columbus Street
Alexandria, VA 22314
703.684.1100 / Fax: 703.684.1104
vmg@robinhoodesq.com
**CooperPatrick\Pleadings\Complaint**

//s// Nickera S. Rodriguez
Nickera S. Rodriguez, #95952
Victor M. Glasberg & Associates
121 S. Columbus Street
Alexandria, VA 22314
703.684.1100 / Fax: 703.684.1104
nsr@robinhoodesq.com